## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **TRENT WRENN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-13-924-R** |
| | ) | |
| **HEALTH SERVICE ADMINISTRATOR** | ) | |
| **PINE, and HECTOR RIOS, Warden,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Plaintiff, an Oklahoma prisoner appearing *pro se*, filed this action pursuant to 42 U.S.C. § 1983, asserting violation of his constitutional rights with regard to his attempt to obtain dentures while incarcerated at the Lawton Correctional Facility. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Suzanne Mitchell for preliminary review. On August 13, 2014, Judge Mitchell issued a Report and Recommendation wherein she recommended that Defendants' affirmative defense of failure to exhaust administrative remedies be rejected. She further recommended that the Court dismiss Plaintiff's due process claim with prejudice, and that the Court grant summary judgment to Defendants on Plaintiff's claim under the Eighth Amendment. The matter is currently before the Court on Plaintiff's objection to the Report and Recommendation, wherein he challenges only the recommendation that summary judgment be granted to

Defendants Pine and Rios.[1]  The Court has conducted the *de novo* review required by virtue of Plaintiff's objection, and finds as follows.

Plaintiff apparently consented to have all of his remaining teeth extracted by a dentist employed by the Department of Corrections in October 2011, allegedly because there was a medical need for the extraction and he was told he would receive dentures shortly thereafter, that is within four or five months.  Plaintiff had not received dentures when he initiated this action and nothing in the record indicates that he has been successful in obtaining such during the pendency of this action, thus leaving him without teeth since October 2011.  Judge Mitchell recommended that summary judgment be granted in favor of Defendant Rios, the warden, and Defendant Pine, the Health Service Administrator, upon their motion because Plaintiff failed to establish personal participation by either as required for § 1983 liability.

As noted by Judge Mitchell in the Report and Recommendation, in his response to the Defendants' motion, Plaintiff seemingly acknowledged that Defendant Rios and Pine were not personally involved in delaying his access to dentures through the Department of Corrections' system of dental services.

> The Defendants claim that they were not directly involved in the denial of Plaintiff's right to receive dentures to relieve his suffering and that it was not deliberate indifference to not allow him to suffer.  These claims would be successful, **but for** the fact Plaintiff offered to buy his own dentures.

---

[1] Defendants did not challenge Judge Mitchell's recommendation regarding their affirmative defense nor did Plaintiff challenge her recommendation regarding his due process claim.  Accordingly, the Report and Recommendation is adopted with regard to her recommendations on both issues, and Plaintiff's due process claim is hereby dismissed.

> Defendants not only denied Plaintiff's grievances, but also had authority to grant permission to purchase the dentures and/or grant permission for outside purchase of the dentures by Plaintiff.

Response to Motion to Dismiss for Summary Judgment, Doc. No. 27, p. 4 (internal citations omitted)(emphasis added). As such, the Court, and Judge Mitchell both construe Plaintiff's claim as focused on the fact that his offers to pay for his own dentures have been denied.[2]

The operative issue from Judge Mitchell's perspective, with which this Court agrees, is whether either Defendant had the authority to permit Plaintiff to procure his own dentures or dentures at his own expense. Department of Corrections' Policy OP-140133, permits inmates, under certain circumstances, to purchase their own adaptive devices, including dentures. "Offenders may purchase nonessential medical or dental adaptive devices and aids in cases where the health of the offender is not adversely affected." *Id.* The policy indicates "[t]he chief medical officer is responsible for compliance with this procedure." As cited in footnote 11 of the Report and Recommendation, Department of Corrections Policy OP-140101, "Organization Responsibility of Medical Services," provides that "the chief medical officer is responsible for administration of the medical services program of the Department of Corrections (DOC)." Accordingly, Judge Mitchell's conclusion at page 16 of the Report and Recommendation is that it was the Department of Corrections' chief medical officer, not Defendant Pine who would have had to approve the acquisition of dentures by Plaintiff with his own funds. The court agrees with Judge Mitchell that

---

[2] To the extent Plaintiff is relying on a theory that either Defendant had direct involvement in the alleged delay of providing him dentures, he provides no evidence that either Defendant personally participated in any decisions regarding the priority of dental services.

construing these sections together, the chief medical officer referenced in OP-140133 was not Defendant Pine, who Plaintiff contends was the chief medical officer at Lawton Correctional Facility, but rather the Department of Corrections's chief medical officer. As such, summary judgment is appropriate in favor of Defendant Pine because Plaintiff has failed to present evidence of his personal involvement.[3]

Finally, the Court addresses Plaintiff's claims that Judge Mitchell made arguments on behalf of the Defendants and cited to a version of OP-140124 that was not in effect at the time of his administrative grievances.[4] His claim that the policy changed addresses only his eligibility for dentures, which is not in dispute in this action, where the issue is timing and who was involved in any decision regarding timing.[5] Accordingly, any discussion by Judge Mitchell regarding Plaintiff's BMI or the most-recent version of OP-140124 did not impact the outcome of this case, and therefore was harmless.

For the reasons set forth herein, the Report and Recommendation is hereby ADOPTED, Defendants' motion to dismiss/motion for summary judgment is hereby GRANTED, and Plaintiff's Motion for Joinder is DENIED AS MOOT.

---

[3] Plaintiff alleges that Warden Rios could have permitted him to purchase his own dentures, without citing to any policy provision that grants the warden this authority.

[4] In assessing Plaintiff's claims Judge Mitchell noted the standard for establishing "an identified medical necessity" for dentures as set forth in OP-140124, which includes reference to an inmate's BMI. Her conclusion that BMI was greater than the 18.5 threshold referenced in the regulation was not dispositive, because, as Judge Mitchell noted, Plaintiff was approved for dentures by the dentist and he was on the waiting list.

[5] Plaintiff cites to the September 20, 2010 version of OP-140124, and notes it is Exhibit 1. The Court has reviewed the entire file for this exhibit and has been unsuccessful in locating this version.

IT IS SO ORDERED this 19th day of September, 2014.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE